1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARIA TSENG,

Plaintiff,

v.

JOEY GOGUE, et al.,

Defendants.

Case No. 20-cv-00932-NC

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER
JURISDICTION**

Plaintiff Saria Tseng sued defendants Joey and Miriam Gogue in Santa Clara County Superior Court for unlawful detainer. *See* Dkt. No. 1. Defendants removed Tseng's lawsuit citing the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, as the basis for federal question jurisdiction. In particular, Defendants claim that Tseng violated the FHA by discriminating against them. *See* Dkt. No. 1 ¶¶ 9–25.

Defendants' notice of removal, however, contains two defects. First, it is well-settled that for removal jurisdiction, the federal question must be presented by the plaintiff's complaint. *See Jasper v. Maxim Integrated Prods., Inc.*, 108 F. Supp. 3d 757, 765 (N.D. Cal. 2015) ("[F]ederal question jurisdiction exists only when 'a federal question is presented on the face of plaintiff's properly pleaded complaint.'") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Thus, "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Nw. Nat'l*

1    *Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Rath Packing Co. v. Becker*, 530

2    F.2d 1295, 1303 (9th Cir. 1975)). Here, Tseng's complaint raises only a state-law

3    unlawful detainer claim. Because Defendants' FCA defenses or counter-claims cannot

4    form the basis of federal question jurisdiction, it is not apparent why this lawsuit belongs

5    in this Court.

6        Second, "[a]ll defendants must join in a removal petition with the exception of

7    nominal parties." *Hewitt v. Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citing 28 U.S.C.

8    § 1446(b)). "A defendant is a nominal party where his role is limited to that of a

9    stakeholder or depositary." *Id.* at 1233. Although Defendants' removal petition notes that

10    "[a]ll Defendants consent to the removal of this action" (Dkt. No. 1 ¶ 27), two defendants

11    in the state-court lawsuit were not named as parties to this action. *See id.* at 8. It is unclear

12    whether those two defendants joined Defendants' removal petition.

13        Thus, removal pursuant to 28 U.S.C. § 1443 appears improper. Accordingly, the

14    Court ORDERS Defendants to show cause in writing by **February 24, 2020**, why this case

15    should not be remanded to Santa Clara County Superior Court. The Court will not award

16    attorneys' fees and costs in connection with this order. However, the Court alerts all

17    parties that attorneys' fees and costs incurred as a result of this removal can be awarded to

18    Tseng. *See* 28 U.S.C. § 1447(c).

19        The Court directs Defendants to the Federal Pro Se Program, which provides free

20    information and limited-scope legal advice to pro se litigants in federal civil cases. The

21    Federal Pro Se Program is located in Room 2070 in the San Jose United States Courthouse,

22    and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program

23    can be reached by calling (408) 297-1480.

24        **IT IS SO ORDERED.**

25

26    Dated: February 10, 2020                                                                    

27                                                 NATHANAEL M. COUSINS
United States Magistrate Judge

28

2